UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:14-cr-190-T-24EAJ

vs.

STEPHEN MAYER

.
_____/

# ORDER

This cause comes before the Court on Defendant's pro-se Motion Pursuant to Rule 33(b)(i) (Doc. 203). Defendant states his motion is based on newly discovered evidence: "written statements by the FDIC dated September 7, 2017 that Green Point Mortgage was neither a financial institution or FDIC insured as well as new case law where Green Point successfully defended its sale of mortgages and thereby avoided 'losses' as well as multiple Brady, Giglio and Napue violations." Defendant asks the Court to set aside the judgment and grant a new trial. Defendant also asks the Court to hold an evidentiary hearing to resolve allegations of prosecutorial misconduct as well as misconduct by Mayer's own lawyer, Mary Mills.

**Motion for New Trial**

A request for a new trial under Rule 33(b)(1) may be granted on the basis of newly discovered evidence filed within 3 years after the verdict or finding of guilty. On January 29, 2015, after an eight day trial a jury found Defendant guilty of nine counts of wire fraud affecting a financial institution. Defendant's motion is timely only if it is based on newly discovered evidence.

It is within the sound discretion of the trial court to decide whether to grant a motion for new trial. *United States v. Vicaria*, 12 F.3d 195, 198 (11th Cir. 1994). While the Court must give proper deference to the jury's factual findings, *see United States v. Pedrick*, 181 F.3d 1264, 1267 (11th Cir. 1999), the "court need not view the evidence in the light most favorable to the verdict . . . [and] may weigh the evidence and consider the credibility of the witnesses," *United States v. Hernandez*, 433 F.3d 1328, 1335 (11th Cir. 2005) (citations and internal quotation marks omitted).

"A motion for a new trial must be viewed with 'great caution.'" *United States v. Reed*, 887 F.2d 1398, 1404 (11th Cir. 1989) (quoting *United States v. Hall*, 854 F.2d 1269, 1271 (11th Cir. 1998)). The "court may not reweigh the evidence and set aside the verdict because it feels some other result would be more reasonable." *United States v. Martinez*, 763 F.2d 1297, 1312-13 (11th Cir. 1985) (citation omitted). Rather, "[t]he evidence must preponderate heavily against the verdict, such that it would be a miscarriage of justice to let the verdict stand." *Id.* at 1313 (citation omitted). In the case of a new trial based on newly discovered evidence, it must be evidence that could not have been discovered with due diligence prior to the trial's completion.

**Discussion**

Defendant has filed a 49 page motion with hundreds of pages of exhibits. The exhibits are primarily comprised of Defendant's pretrial letters and pro-se motions, trial exhibits and transcript excerpts, other case filings, and appellate briefs. In addition, Defendant has filed two motions to supplement (Docs. 211 and 213) and two motions to correct errors (Docs. 214 and 215). What Defendant has not done, however, is to specifically identify what his newly discovered evidence is, or explain why such evidence should result in a new trial. Instead, he continues to argue the same perceived grievances he argued at pretrial, trial and sentencing. He

continues to argue the misconduct of all trial counsel (both the Government counsel and both of his court-appointed lawyers), the alleged untruthfulness of the witnesses who testified against him, and that the evidence did not support the verdict. These arguments are not properly raised in a motion for new trial based on newly discovered evidence. A motion for new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the jury's verdict.

Defendant's motion is not a motion based on newly discovered evidence. It is both untimely and without merit and due to be denied.

Accordingly Defendant's Motion for a new trial based on newly discovered evidence[1] is DENIED. Defendant's request for an evidentiary hearing is denied.

Done and Ordered this 19th day of January, 2018.

SUSAN C. BUCKLEW
United States District Judge

**Copy furnished to:** Stephen Mayer, Pro-se

---

[1] Defendant is reminded that Local Rule 3.01(a) limits all motions to not more that 25 pages in length including memorandum of legal authority. Any future motions requesting relief that exceed the 25 page limit will be stricken.