UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

CASE NO.: 8:14-cr-190-T-24 AEP

v.

STEPHEN MAYER

_____/

**ORDER**

This cause comes before the Court on Defendant's pro-se Motion for Judicial Recusal (Doc. 233), along with his affidavit in support (Doc. No. 234). Defendant states in his motion that the undersigned is prejudiced, biased and lacks impartiality or has extrajudicial knowledge and has shown no regard for his due process rights. In addition, Defendant alleges the undersigned persists in unwavering support of his adversary despite evidence of blatant fraud and perjury by officers of the court, including outright prosecutorial misconduct. He asks that the undersigned recuse herself in the interest of justice. As tempting as it might be for the Court to grant Defendant's motion, the motion to disqualify is due to be denied.

**I. Background**

Defendant Stephen Mayer was charged in a superseding indictment with one count of conspiracy to commit wire fraud affecting a financial institution, in violation of 18 U.S.C. § 1349, and eight substantive wire fraud offenses affecting a financial institution, in violation of 18 U.S.C. § 1343. Following a jury trial, Defendant was found guilty of all nine counts charged in the superseding indictment, and on May 5, 2015, the Court sentenced Defendant to 135 months in the Bureau of Prisons. The Eleventh Circuit affirmed the conviction and sentence on February

14, 2017.[1]  Since that time, Defendant has filed numerous pro-se motions and five notices of appeal as to this Court's rulings on those motions.

## II.  Motion for Recusal

Defendant filed an affidavit, in which he states that the undersigned (1) interfered with the plea deal process; (2) interfered with his speedy trial rights; (3) required him to have an attorney; (4) denied his rights to free speech and free associations; (5) denied his right to meaningful representation of counsel; (6) had extrajudicial knowledge of attorney-client relations; and (7) denied him his right to participate in his own defense.  Therefore, Defendant asks the undersigned to recuse herself.

Pursuant to 28 U.S.C. § 455, a judge must disqualify herself in any proceeding in which her impartiality might reasonably be questioned or where she has a personal bias or prejudice concerning a party.  As explained by the Eleventh Circuit:

> This is evaluated under the standard of whether "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  Similarly, 28 U.S.C. § 144 provides that, whenever a party files a sufficient affidavit stating that the judge before whom the matter is pending "has a personal bias or prejudice either against him or in favor of any adverse party," the judge shall refer the case to another judge.  The affidavit must state facts and reasons for the belief that bias or prejudice exists sufficient to "convince a reasonable person that bias actually exists."  Bias "must stem from extrajudicial sources, unless the judge's acts demonstrate such pervasive bias and prejudice that it unfairly prejudices one of the parties."  Rulings adverse to a party generally do not constitute pervasive bias.

---

[1]The forfeiture judgment in the amount of $4,404,200 was vacated and remanded for further proceedings. This Court held a hearing on July 6, 2017 and entered an amended forfeiture judgment in the amount of $1,114,200. Defendant filed a pro-se notice of appeal on July 18, 2017.

United States v. Arrate-Rodriguez, 2018 WL 985752, at *4 (11th Cir. Feb. 20, 2018)(internal citations omitted).

Upon review of Defendant's motion and affidavit, he offers no factual evidence of the type of personal bias that would sustain a doubt about the undersigned's impartiality and require recusal in this case. An objective lay observer would not conclude that the undersigned interfered with the plea deal process, interfered with Defendant's speedy trial rights, denied Defendant his rights to free speech and free associations, denied Defendant his right to meaningful representation of counsel, or denied him his right to participate in his own defense. Instead, Defendant simply agrees with the undersigned's adverse rulings, but such is not a sufficient basis for recusal. See U.S. v. Berger, 375 F.3d 1223, 1227 (11th Cir. 2004); Johnson v. Monaco, 350 Fed. Appx. 324, 327(11th Cir. 2009); U.S. v. Singletary, 196 Fed. Appx. 819, 820 (11th Cir. 2006). Furthermore, an objective lay observer would not conclude that the undersigned had extrajudicial knowledge of attorney-client relations.

Finally, Defendant partially quotes from a transcript to argue that the undersigned stated: "You must have an attorney." (Doc. No. 233 - citing to Doc. No. 136 at p. 35). However, the undersigned's statement was: "You've got to have an attorney that you have some confidence in, and you've got to have an attorney that can represent you in this case." (Doc. No. 136, p. 35). There is nothing about that statement that would warrant recusal.

**III. Conclusion**

Based on the above, the Court finds that Defendant has not provided sufficient facts or reasons for his belief that bias or prejudice exists sufficient to convince a reasonable person that

bias actually exists. Accordingly, it is ORDERED AND ADJUDGED that Defendant's pro-se Motion for Judicial Recusal (Doc. 233) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 5th day of March, 2018.

SUSAN C. BUCKLEW
United States District Judge

**Copy furnished to:**
Stephen Mayer, Pro-se
Counsel of Record